UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-23133

EUFEMIA PLIMPTON,

     Plaintiff,

vs.

KIDS THERAPY SERVICES INC. and
BRIAN NEBLETT,

     Defendants.

_____/

## **COMPLAINT**

     Plaintiff, Eufemia Plimpton, sues Defendants, Kids Therapy Services Inc. and Brian Neblett, based on the following good cause:

### ***Parties, Jurisdiction, and Venue***

     1.    **Plaintiff, Eufemia Plimpton**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

     2.    Ms. Plimpton was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

     3.    Ms. Plimpton was a non-exempt employee of Defendants.

     4.    Ms. Plimpton consents to participate in this lawsuit.

     5.    **Defendant, Kids Therapy Services Inc.**, is a *sui juris* Florida for-profit corporation with its principal place of business and registered agent in this District and it conducts its for-profit business in Miami-Dade County.

     6.    **Defendant, Brian Neblett,** was and is an owner / officer / director of the

1

corporate Defendant for the relevant time period. He ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

7.     Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

8.     This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental/pendent jurisdiction over Plaintiff's related state law claim(s).

9.     Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Plaintiff worked in Miami-Dade County, where payment was to be received.

### Background Facts

10.     Defendants have been at all times material engaged in interstate commerce in the course of their provision of attendant care and services for others which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

11.     Defendants also communicate with their workers and with others by regularly and routinely using telephones, Internet, and/or facsimiles, which they required Plaintiff to used to exchange information and reports in digital format, and which transmissions regularly and routinely traveled outside of the State of Florida.

12.     Defendants maintain a website at https://kidsabatherapy.com,  which they use for promotional and information purposes.

2

13.     Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state medical payors and/or the United States government.

14.     Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

15.     In particular, Defendants own and operate an agency that provides therapy to patients at Defendants' facility located at 144 Northwest 11th Street, Homestead, Florida 33030, using computers, software, phones, computer networking equipment, toner, printers, pens, paper, supplies, furniture, phone systems, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce

16.     In particular, Plaintiff worked for Defendants as a behavioral analyst from approximately July 2017 through June 15, 2019.

17.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and of the times that she worked each day, such records are in the exclusive custody of Defendants.

18.     Defendants agreed to pay Plaintiff at the rate of $60.00 per hour for each hour worked.

19.     In addition, Defendants agreed to pay Plaintiff the additional amount of $350.00 for each initial assessment that she performed and/or at a rate of $150.00 for each re-assessment that she performed.

20.     Defendants required that Plaintiff perform work at Defendants' office – in a clinical setting – from Monday through Friday.

7300 N. KENDALL DRIVE, SUITE 450, MIAMI, FLORIDA 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

21.     Defendants required Plaintiff to attend weekly meetings on Thursdays at 8:30 a.m., for which Plaintiff was not paid at all.

22.     Defendants further required that Plaintiff wear a uniform while at work – which for women like Plaintiff consisted of pink medical "scrubs" (men wore green).

23.     Defendants assigned Plaintiff all work that she was to perform, including all clients.

24.     Defendants controlled all job-related activities of Plaintiff.

25.     Defendants coordinated all job-related activities of Plaintiff.

26.     Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

27.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I – FLSA OVERTIME WAGE VIOLATION(S)
**(Against Kids Therapy Services Inc. and Brian Neblett)**

Plaintiff, Eufemia Plimpton, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

28.     Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

29.     Defendants willfully and intentionally refused to pay Plaintiff overtime wages of at least one and one-half times her regular rate of pay for all hours that she worked beyond 40 in a workweek.

30.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff overtime wages of at least one and one-half times her regular rate of pay for all hours

4

that she worked beyond 40 in a workweek in violation of the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that Defendants were not required to pay her overtime wages for all hours worked beyond 40 in a workweek, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime wage pay she earned.

31.    Plaintiff is entitled to a backpay award of overtime wages of one and one-half times her regular rate of pay for all hours that she worked beyond 40 in a workweek, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Eufemia Plimpton, demands the entry of a judgment in her favor and against Defendants, Kids Therapy Services Inc. and Brian Neblett, after trial by jury and as follows:

a.   That Plaintiff recovers compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.   That Plaintiff recovers pre-judgment interest if she is not awarded liquidated damages;

c.   That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.   That the Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e.   That Plaintiff recovers all interest allowed by law; and

f.   Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## COUNT II – BREACH OF CONTRACT
### (Against Kids Therapy Services, Inc.)

Plaintiff, Eufemia Plimpton, reincorporates and re-alleges paragraphs 1 through 27 as though set forth fully herein and further alleges as follows:

32.     Plaintiff and Defendant, Kids Therapy Services Inc., agreed that in exchange for Plaintiff expending time and effort on its behalf, it would compensate her at the rates set forth above, which amount(s) would be pro-rated for each portion of an hour worked.

33.     Plaintiff performed under the parties' contract/agreement by performing work for Defendant, Kids Therapy Services Inc., as aforesaid.

34.     Defendant, Kids Therapy Services Inc., failed and refused to perform its obligation(s) to pay Plaintiff the agreed-upon rates for all of the hours she worked from approximately July 2017 through June 15, 2019, thereby breaching the Contract.

35.     Plaintiff has been damaged as a result of Defendant's failure to pay her the agreed-upon amount for each of the hours she worked and for each of the assessments and re-assessments she performed between approximately July 2017 through June 15, 2019 pursuant to the parties' contractual agreement.

WHEREFORE Plaintiff, Eufemia Plimpton, demands the entry of a judgment in her favor and against Defendant, Kids Therapy Services Inc., for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

### COUNT III – UNJUST ENRICHMENT
### (Against Kids Therapy Services, Inc.)

Plaintiff, Eufemia Plimpton, reincorporates and re-alleges paragraphs 1 through 27 as though set forth fully herein and further alleges as follows:

36.     Plaintiff provided labor and services for Defendant, Kids Therapy Services Inc., and it received and accepted the benefits of the labor and services supplied by Plaintiff.

37.     Plaintiff expected to be paid a reasonable value for the labor and services she provided to and on behalf of Defendant, Kids Therapy Services Inc.

38.     Defendant, Kids Therapy Services Inc., was unjustly enriched in that it accepted the benefits of the work performed by Plaintiff, but yet failed and refused to make payment to Plaintiff for such benefits.

39.     The retention of the benefits by Defendant, Kids Therapy Services, Inc., without paying the value of same would work an injustice on Plaintiff and would unjustly enrich Defendant, Kids Therapy Services, Inc.

WHEREFORE Plaintiff, Eufemia Plimpton, demands the entry of a judgment in her favor and against Defendant, Kids Therapy Services Inc., for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this <u>29th</u> day of July, 2019.

Respectfully Submitted,

<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:     305.230.4884
*Counsel for Plaintiff*